IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIBEL RIVERA-PACHECO, ALBERTO CABRERA-DE LA MATA, and the conjugal partnership composed by them; NYDIA E. CARRERO-MARTINEZ

Plaintiffs

vs

PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY; RUBEN HERNANDEZ-GREGORAT, in his individual and official capacity as Secretary of Transportation and Public Works; BRENDA GOMILA-SANTIAGO, in her individual and official capacity as Executive Director of Human Resources; IRIS M. BORGES-DELGADO, in her individual and official capacity as Interim Executive Sub-Director and Special Aide to the Secretary; JESUS M. RODRIGUEZ-ROSA, in his individual and official capacity as Special Aide to the Secretary; FERDINAND CEDEÑO, in his individual and official capacity as Special Aide to the Secretary; LUIS RODRIGUEZ-ROSA, in his individual and official capacity as Director of Programming and Special Studies; JOHN DOE; JANE ROE; INSURANCE COMPANY ABC

Defendants

CIVIL 11-2182CCC

**OPINION AND ORDER**

This is a 42 U.S.C. § 1983 action brought by Nydia E. Carrero-Martínez (Carrero), Maribel Rivera-Pacheco (Rivera), her husband Alberto Cabrera-de la Mata (Cabrera), and the Rivera-Cabrera conjugal partnership against the Puerto Rico Highway and Transportation Authority (PRHTA), a Commonwealth agency where both Carrero and Rivera have worked since 2002, and against various of its officials. They both complain of having been a victim of political discrimination at said agency, aver that their due process rights have also been infringed, and together with Cabrera raise supplemental claims under a myriad of Commonwealth laws. Before the Court now is the Motion to Dismiss filed by all

defendants (**docket entry 13**), which plaintiffs opposed (docket entry 15).  Defendants contend that the complaint is time barred, have raised an Iqbal[1] challenge to the complaint's factual allegations made in support of the First Amendment political discrimination claim, aver that plaintiffs have failed to state claims under the Equal Protection and Due Process Clause of the U.S. Constitution, seek dismissal of their "conspiracy" claim, and also plead that Cabrera's purported § 1983 claim be dismissed as unavailing.  They further ask that the supplemental claims be rejected on various grounds.  We briefly address their contentions in the Order that they were raised.

### Time-barred

Defendants state that since plaintiff Rivera received a letter on January 26, 2010 stating the intention to declare her appointment null and no date is given for the similar letter received by Carrero, and the complaint was filed more than one year after the delivery of Rivera's letter, the complaint is time-barred.  This is a totally frivolous argument.  Plaintiffs are correct in citing case law which states the settled principle that in employment discrimination cases, the limitations period begins to run when the employee receives unambiguous notice of the discriminatory act, which in this case consisted of the dismissal of plaintiffs Rivera and Carrero on December 10 and 23, 2010, respectively.  The complaint was timely filed on December 8, 2011, within the applicable one-year limitations period.

### Iqbal

It is by now generally established that in order to "show" an entitlement to relief a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009).

CIVIL 11-2182CCC                                3

omitted); see also Iqbal, 129 S.Ct. at 1950.  The plausibility threshold "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the illegal conduct."  Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 17 (1st Cir. 2011). Having carefully read the allegations of the complaint, and viewing them in the light most hospitable to the plaintiffs, as we must, we are convinced that they meet this initial prong, for they have pled enough facts to state a plausible claim under the First Amendment.

### Due Process claim

Rivera alleges at paragraph 29 of the Amended Complaint (docket entry 6) that after the change of government administration in 2008, she was reinstated to her career position as Office Systems Administrator III in January 2009, and while holding that position she was fired on December 10, 2010.  Carrero states at paragraph 33 that when she was dismissed on December 23, 2010, she occupied the position of Executive Officer at the PRHTA.  They state that they challenged through available administrative procedures at the agency the letters of intent to dismiss, and acknowledge that informal hearings were held before an examiner which they labeled as a sham exercise.  The gist of their due process claim, however, is that on January 19, 2010 defendant Rubén Hernández-Gregorat (Hernández) issued Resolution 2010-1, by virtue of which he purported to declare null and void, retroactively, two resolutions issued by a Popular Democratic Party (PDP) administration in 2001, to wit: Resolution 2001-13 of April 21, 2001 and Resolution 2001-24 of June 18, 2001, as well as a third one:  Resolution 2000-15, all of which allegedly dealt with personnel transfers from other agencies to be conducted at the PRHTA.  At paragraph 43, they allege that Resolution 2010-1 provides "that all personnel transactions based on the annulled resolutions would be reviewed and corrected and that affected employees were to be retained, if possible, as a matter of law."  Rivera contends at paragraph 43 that in the letter of intent received from Hernández on January 26, 2010 it is stated that her transfer from

CIVIL 11-2182CCC                    4

La Fortaleza to PRHTA was done pursuant to Resolution 2001-13 and 2001-24, which had been retroactively declared null and void by Hernández, and that he intended to terminate her employment.  Carrero, it is also alleged at paragraph 43, received a similar letter.  In the allegations pertaining to the due process second cause of action, allegations 62 to 64, plaintiffs Rivera and Carrero assert that as tenured career employees neither of them could be "validly dismissed unless charges were brought" and that "after the letter of intent to dismiss was delivered, plaintiffs had to be put in a position to at least know the underlying purported reasons for the intended dismissal, something they do not know . . . because defendants have refused . . . to provide the results of the audit upon which the challenged personnel actions were supposedly taken and the methodology used to perform said audit and to select the personnel files or transactions to be audited."  Amended Complaint, at ¶ 63.  Additionally, at paragraph 64, they describe Resolution 2010-1 issued by defendant Hernández declaring the two 2001 resolutions retroactively null and void as a violation of their due process rights inasmuch as it invalidates retroactively personnel transactions done nearly 10 years before, thereby impairing plaintiffs "vested property right in their continued career employment." Id., at ¶ 64.  Particularly because of these allegations which cast the due process violation in terms of a retroactive annulment without notice of the resolutions issued nearly a decade before by virtue of which the plaintiffs' transfers were made, thereby depriving them in 2010 of their right to continued employment at the agency as career employees, the request for dismissal of the plaintiffs' due process claims is DENIED.

**Equal Protection claim**

A careful review of the allegations of the Amended Complaint shows that, as claimed by defendants, Rivera and Carrero's equal protection claim are nothing more than a restatement of their political discrimination claim under another rubric.  This they cannot do. Uphoff-Figueroa v. Alejandro, 597 F.3d 423, 430 n. 8 (1st Cir. 2010).  See also Pagán v.

CIVIL 11-2182CCC                              5

Calderón, 448 F.3d 16, 36-37 (1st Cir. 2006).  Hence, their claim under the Equal Protection Clause is ORDERED DISMISSED.

### The "conspiracy" claim

Plaintiffs have neither pled a conspiracy-to-interfere-with-civil-rights claim under 42 U.S.C. § 1985(3), nor would their factual allegations support such a claim had they done so.  At the very least, such a claim to be actionable requires allegations that the conspirators possessed "some racial, or perhaps otherwise class-based, invidiously discriminatory animus," Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed. 2d 338 (1971).  "The requirement that the discrimination be 'class-based' is not satisfied by an allegation that there was a conspiracy which affected the interests of a class of persons similarly situated with the plaintiffs. Rather, the complaint must allege facts showing that the defendants conspired against the plaintiffs because of their membership in a class and that the criteria defining the class were invidious." Harrison v. Brooks, 519 F.2d 1358, 1359-60 (1st Cir. 1975).  There are absolutely no allegations of this sort in the Amended Complaint filed in this case.  However, to the extent that the loose references made in said Amended Complaint regarding the alleged existence of a conspiracy among the various individual defendants do attempt to configure such a claim, they are factually insufficient and legally conclusory and must be dismissed.

### Cabrera's purported § 1983 claim

The Amended Complaint's Fourth Cause of Action consists of the claims raised by Cabrera, which a plain reading shows are clearly sounding in tort.  Additionally, we note that plaintiffs have clarified in their opposition that "Cabrera only asserts . . . a supplemental jurisdiction claim under Article 1802." Opposition (docket entry 15), at p. 21.  Thus, Cabrera has not pled a claim under § 1983.  Defendants' representations to the contrary are

CIVIL 11-2182CCC                              6

misleading, and their request to dismiss Cabrera's inexistent § 1983 claim is, therefore, meritless.

**Supplemental claims**

As for the supplemental claims brought by both Rivera and Carrero and listed under the Third Cause of Action of their Amended Complaint, they rely completely on the wholesale incorporation of all the preceding allegations of the complaint which were exclusively cast in terms of the purported First Amendment and Due Process violations by defendants.  There are simply no independent, concrete factual allegations which impute negligent acts to any of the individual defendants that would configure a claim by Rivera and/or Carrero under Article 1802 of Puerto Rico's Civil Code, or, for that matter, under any of the other provisions therein invoked.  Accordingly, all the supplemental claims brought by plaintiffs Rivera and Carrero in the Third Cause of Action are hereby DISMISSED.

**The claims against PRHTA**

Finally, and while not addressed by defendants in their dismissal motion, after having reviewed the allegations of the Amended Complaint we must dispose of the claims brought by plaintiffs against the PRHTA.  Plaintiffs, in addition to suing the Secretary of Transportation and Public Works, its Director of Human Resources, and several special aides to the Secretary, as well as the Director of Programming and Special Studies, all in their individual and official capacities, for allegedly having been personally involved or having participated in the chain of events that lead to the dismissal of both Rivera and Carrero due to their political affiliation, also included the PRHTA as a defendant.  At paragraph 11, it is alleged that the Authority is sued "for declaratory injunctive and monetary relief."  The allegations of fact are set forth at paragraphs 26 through 57 and then incorporated wholesale in the different causes of action.  Plaintiffs attribute conduct to the various

CIVIL 11-2182CCC                              7

individual agency officers who acted with discriminatory animus against the two main plaintiffs, including Rubén Hernández-Gregorat (Hernández), the highest ranking officer of the Authority. The concrete factual allegations against defendant Hernández are set forth at paragraphs 34, 35, 36, 42 and 43. Allegations 34 through 36 are all related to Hernández' personal intervention in ordering an audit of personnel files of agency employees during the years when the PDP was in power. Allegation 36 specifically avers that defendant Hernández informed at a meeting "that he had to dismiss close to 1,000 employees of the Agency, that it was 'a shame' that they had to be of mixed political ideology, but that he was sure that the greater number of those to be affected were members of the PDP." The only allegation of the Amended Complaint that imputes liability to the Authority as a government agency is allegation 37. In conclusory terms, utilizing the three allegations immediately preceding, plaintiffs take a quantum leap at allegation 37 to extrapolate liability beyond that of individual officials to the agency itself. They claim that "[t]hus, the political discrimination perpetrated here goes beyond any individual capacity defendant: defendant [PRHTA] has institutionalized a discrimination and intolerance policy geared to punish known or suspected members of the PDP solely because of their political beliefs." They place the agency in the category of respondeat superior liability simply because of the actions purportedly taken by Hernández in ordering the audit and in making the comments attributed to him. There are no allegations to support a policy of this Commonwealth agency as an institution to discriminate for political motives against its employees. Accordingly, the claims against the PRHTA must also be DISMISSED.

### Conclusion

For the reasons stated, the Motion to Dismiss filed by all defendants (**docket entry 13**) is GRANTED IN PART and DENIED IN PART. Accordingly, partial judgment will be entered DISMISSING with prejudice all of the following claims set forth in the Amended

CIVIL 11-2182CCC                               8

Complaint: (1) the federal claims brought under the Equal Protection Clause, (2) the "conspiracy" allegations, (3) the supplemental claims brought by plaintiffs Rivera and Carrero in the Third Cause of Action, and (4) all claims against the PRHTA.

SO ORDERED.

At San Juan, Puerto Rico, on March 15, 2013.


                                                    CARMEN CONSUELO CEREZO
                                                    United States District Judge